UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN CORTLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COWLITZ COUNTY CLERK'S OFFICE, et al.,<br><br>　　　　　Defendants. | Case No. C06-5341RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the court on Plaintiff's Motion for Partial Summury [sic] Judgement (Dkt. 16) and on Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Complaint Also Plaintiff's Partial Summary Judgment Because of Exigence Circumstances Also Giving What Plaintiff Prayed for in His Original Complaint and Affidavit in Support of (Dkt. 27). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein. Oral argument would not be of assistance to the court.

On June 20, 2006, plaintiff Brian Cortland filed a civil complaint, naming the Cowlitz County Clerk's Office, various employees of the Cowlitz County Clerk's Office, CNA Western Surety Company, and John Does 1-10 as defendants. Dkt. 1. On August 23, 2006, plaintiff filed an Amended Complaint, and numerous documents/exhibits to the Amended Complaint. Dkt. 7. Plaintiff's complaint challenges certain actions of the Cowlitz County Clerk's office regarding issuing of subpoenas to *pro se* litigants, and actions by the defendants in response to plaintiff's public records

ORDER
Page - 1

requests. Dkt. 7.  Apparently, plaintiff claims that he requested that the Clerk's office issue subpoenas in a case plaintiff had brought against Superior Court judges; that plaintiff was told by Clerk's office staff that a judge would have to authorize the subpoenas; that this procedure was against County policy; and that the Clerk's office did not provide him with public records he requested.

On September 11, 2006, the Cowlitz County Clerk's Office, Roni Booth, and Teri Nielsen (hereafter Clerk defendants) filed an answer to the Amended Complaint, asserting the following affirmative defenses: (1) the complaint fails to state a claim upon which relief can be granted; (2) defendants acted in good faith in the lawful performance of their public duties; (3) service of process was insufficient; (4) defendants are immune from suit on the basis of absolute and/or qualified immunity; and (5) the claims are barred by the doctrines of res judicata and/or collateral estoppel. Dkt. 11, at 22.

On September 20, 2006, plaintiff filed this motion for partial summary judgment, attaching a copy of the Clerk defendants' Answer and Affirmative Defenses. Dkt. 16.  Plaintiff contends that the court should grant summary judgment in his favor because the Clerk defendants did not attach "material facts, evidence, or affidavit in support of the defendant's response to overcome the Plaintiff's amended complaint and affidavit [sic] in support of thirty-four (34) exhibits in their affirmative defenses and denials." Dkt. 16, at 2.

On October 6, 2006, the Clerk defendants filed a response to the motion, contending that (1) plaintiffs' pleadings, while not plain or concise, allege only state law violations either previously litigated or governed by state law remedies; (2) plaintiff has not shown actual injury; (3) plaintiff's motion for partial summary judgment is not supported by facts or authority; (4) the Clerk defendants are protected by qualified immunity; and (5) plaintiff's motion for partial summary judgment is premature. Dkt. 17.

There is no requirement that an Answer to a complaint include any of the materials plaintiff references. *See* Fed.R.Civ.P. 7(a).  The Joint Status Report and Discovery Plan was filed on October 12, 2006, more than two weeks after plaintiff filed this motion for partial summary judgment.  The Clerk defendants have not yet had an opportunity to engage in discovery relevant to the issues presented in plaintiff's Amended Complaint.  Further, the allegations in the Amended Complaint and

the attached documents/exhibits do not at this point entitle plaintiff to relief. Significantly, the Clerk defendants have asserted affirmative defenses to the allegations in the Amended Complaint. This motion is, at best, premature and should be denied.

On October 12, 2006, plaintiff filed a document captioned "Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Complaint Also Plaintiff's Partial Summary Judgment Because of Exigence Circumstances Also Giving What Plaintiff Prayed for in His Original Complaint and Affidavit in Support of." Dkt. 27.  Apparently, plaintiff contends that counsel for the Clerk defendants contacted him before he had filed a Notice of Appearance in this case; that the Clerk defendants's answer and affirmative defenses should be stricken; that the Clerk defendants' response to plaintiff's motion for partial summary judgment should be stricken; and that plaintiff should be awarded the relief prayed for in his complaint. Dkt. 27. This motion does not warrant a response by the Clerk defendants and should be ruled upon in connection with plaintiff's motion for partial summary judgment. The motion (Dkt. 27) is frivolous and without merit, and should be denied on that basis.

The court notes that counsel for the Clerk defendants sent a letter to plaintiff on September 22, 2006, after counsel had received plaintiff's motion for partial summary judgment. Dkt. 18, at 4. The letter informed plaintiff of the requirements of Fed.R.Civ.P. 11, and requested that plaintiff voluntarily withdraw his motion for partial summary judgment. Dkt. 18, at 4-5. Plaintiff would be well advised to carefully consider the requirements of Fed.R.Civ.P. 11 before filing documents with the court in the future. Plaintiff's motion for partial summary judgment is frivolous, as is the motion he filed on October 12, 2006. Given plaintiff's *pro se* status, however, the court will afford plaintiff the benefit of the doubt and will not at this point award sanctions against him. **However, plaintiff is notified that future pleadings he files in this case, to the extent that they violate the requirements of Fed.R.Civ.P. 11, may be subject to sanctions by motion or on the court's initiative.**

Therefore, it is hereby

**ORDERED** that plaintiff's motion for partial summary judgment (Dkt. 16) is **DENIED**. Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Complaint Also Plaintiff's Partial Summary Judgment Because of Exigence Circumstances Also Giving What Plaintiff Prayed for in His Original Complaint and Affidavit in Support of (Dkt. 27) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 20th day of October, 2006.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge