1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN CORTLAND,

                Plaintiff,

        v.

COWLITZ COUNTY CLERK'S OFFICE, et al.,

                Defendants.

Case No. C06-5341RJB

ORDER ON DEFENDANT
CNA WESTERN SURETY
CO.'S MOTION TO
DISMISS

     This matter comes before the court on Defendant CNA Western Surety Co.'s Motion to Dismiss. Dkt. 12. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein. The court has determined that this motion can be resolved on the record, without oral argument.

PROCEDURAL HISTORY

     On June 20, 2006, plaintiff Brian Cortland filed a civil complaint, naming the Cowlitz County Clerk's Office, various employees of the Cowlitz County Clerk's Office, CNA Western Surety Company, and John Does 1-10 as defendants. Dkt. 1. On August 23, 2006, plaintiff filed an Amended Complaint and numerous exhibits to the Amended Complaint. Dkt. 7.

     The court has carefully reviewed the Amended Complaint and the exhibits appended to it. *See* Dkt. 7. It appears that plaintiff contends that, on June 30, 2003, he went to the Cowlitz County Clerk's office and requested to file five subpoenas. Dkt. 7, Exh. 2. Plaintiff stated that the Clerk would not stamp the

subpoenas, but told plaintiff that subpoenas by *pro se* litigants were required to have a judge's signature before they were issued. *Id.* Plaintiff contends that the Clerk's office did not follow the County Clerk's Manual regarding issuing of subpoenas, but instead relied on an oral policy made by the judges. *Id.* Plaintiff claims that the Clerk's office action in using an unwritten procedure to deny him the subpoenas he had requested violated Washington's Public Disclosure Act, RCW 42.17.250(1); that the Clerk's office violated RCW 42.17.260 by failing to create an index of procedures to follow for litigants to obtain subpoenas; and that the Clerk's office conspired with Cowlitz County Superior Court judges against plaintiff to enforce an unwritten court rule requiring a *pro se* litigant to have his request for subpoenas reviewed by a judge before the Clerk would issue them. Dkt. 7. Plaintiff made several requests under the Public Records Act for various public records. *See* Dkt. 7, Exh. 3-18. It appears that Cowlitz County employees responded to each of these requests. *Id.*

Plaintiff requests damages for violation of 42 U.S.C.§ 1986; 42 U.S.C. § 1985; 42 U.S.C. § 1983; Article 1, section 1 of the Washington Constitution; the Due Process Clause of the 5th Amendment; and the 14th Amendment of the U.S. Constitution. Dkt. 7. Plaintiff also requests money for "[o]n going negligence," until defendants fully comply with state statutory requirements. *See* Dkt. 7, at 44. Finally, plaintiff requests that he be permitted to collect the amounts prayed for pursuant to 42 U.S.C. § 1981. The complaint alleges that CNA Western Surety Company Policy # 58425655 provides for a $150,000 bond for the Cowlitz County Clerk. See Dkt. 7, at 119. The complaint is 180 pages, in addition to the exhibits. Dkt. 7.

<u>MOTION TO DISMISS</u>

On September 14, 2006 defendant CNA Western Surety Co. filed a Motion to Dismiss, contending that (1) plaintiff has failed to allege the statutorily mandated elements of a claim for surety liability under RCW 42.008.030; (2) the claims under 42 U.S.C. §§ 1983, 1985, and 1986 should be dismissed for failure to allege that CNA acted under color of law; (3) the claim under 42 U.S.C. § 1981 should be dismissed because plaintiff has failed to allege he is a member of a protected class or that CNA acted with discriminatory intent; (4) the claim under 42 U.S.C. § 1986 should be dismissed for failure to bring the claim within the time limited by statute; and (5) the complaint should be dismissed for plaintiff's failure to comply with Fed.R.Civ.P. 8(a)'s pleading requirements. Dkt. 12.

On October 20, 2006, plaintiff filed a document captioned "Newly Discovered Evidence in Plaintiff's Response to Strike CNA Western Surety Co.'s Motion to Dismiss." Dkt. 33.  In that document, plaintiff argues that RCW 42.08.030 is unconstitutional because there is no administrative process that would permit him to obtain leave of the court to sue on a public official's bond without first instituting a lawsuit. Dkt. 33, Attachment (Proposed Order, at 1-2).

## STANDARD FOR MOTION TO DISMISS

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957).  Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief.  *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).  If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.*

## DISCUSSION

### 1. Failure to Comply with Requirements of RCW 42.08.030

CNA contents that plaintiff's complaint should be dismissed because plaintiff did not obtain leave of the court to commence an action to execute on the bond, and in the alternative, the claim should be dismissed for failure to allege abuse of discretion.

Under RCW 42.08.080,

[e]very official bond executed by any officer pursuant to law, shall be in force and obligatory upon the principal and sureties therein, to and for the state of Washington, and to and for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such officer, in his official capacity, and any person so injured or aggrieved may bring suit on such bond in his or her own name without an assignment thereof.

RCW 42.08.030 provides as follows:

Before an action can be commenced by a plaintiff, other than the state, or the municipal or public corporation named in the bond, leave shall be obtained of the court or judge thereof where the

1  action is triable. Such leave shall be granted upon the production of a certified copy of the bond and
   an affidavit of the plaintiff, or some person in his behalf, showing the delinquency. But if the matter
2  set forth in his affidavit be such that, if true, the party applying would clearly not be entitled to
   recover in the action, the leave shall not be granted. If it does not appear from the complaint that
3  the leave herein provided for has been granted, the defendant, on motion, shall be entitled to
   judgment of nonsuit; if it does, the defendant may controvert the allegation, and if the issue be
4  found in his favor, judgment shall be given accordingly.

5      Plaintiff is arguably an aggrieved party under RCW 42.08.080, and therefore may bring an action

6  on a bond, subject to other requirements under RCW 42.08.  In this case, plaintiff did not obtain leave of

7  the court to commence this action before he named CNA as a defendant.  Further, the allegations in the

8  complaint are merely allegations and do not constitute a delinquency.  Accordingly, the court is not

9  required to grant leave to name CNA as a defendant at this point, even if he were to make such a request.

10     Plaintiff contends that the statute is "grossly absurd", and he believes that he can prove "through

11 discovery" that the statute is unconstitutional.  Dkt. 31, at 3.  Plaintiff's argument that there is no

12 administrative process available for a plaintiff to obtain leave of the court before suing on a public official's

13 bond is without merit.  In this case, plaintiff named the public officials and entities as defendants.  He could

14 have requested by motion to add CNA as a defendant.  However, that does not mean that the court would

15 necessarily have granted the motion.  In this case, no determination has been made as to whether the

16 underlying claims have any merit; permitting plaintiff to add CNA as a defendant when this action was filed

17 would have been premature.

18     Under the provisions of RCW 42.08.030, CNA is entitled to judgment of nonsuit; plaintiff may not

19 pursue a claim against CNA unless and until the court grants leave to do so.  Specifically, if and when

20 plaintiff's claims survive a dispositive motion brought by the remaining defendants in this case, or, if no

21 dispositive motion is filed by the remaining defendants within the time set forth in the court's scheduling

22 order, plaintiff may by motion request leave of court to name CNA as a defendant.

23     **2.  Claims under 42 U.S.C. §§ 1983, 1985, and 1986**

24     CNA contends that plaintiff's civil rights claims should be dismissed because plaintiff failed to

25 allege that CNA acted under color of law.

26     In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct

27 complained of was committed by a person acting under color of state law, and that (2) the conduct deprived

28 a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt*

ORDER
Page - 4

1    *v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

2    Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are

3    present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

4    The state action requirement also applies to claims under 42 U.S.C. §§ 1985 and 1986. *See Sykes v. State*

5    *of California*, 497 F.2d 197 (1974)(Section 1985 claim); *Sellner v. Panafoulis*, 565 F.Supp. 238 (D.C.

6    Md. 1982)(Section 1986 claim).  Further, to state a civil rights claim, a plaintiff must set forth the specific

7    factual bases upon which he claims each defendant is liable.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

8    Cir. 1980).  Vague and conclusory allegations of official participation in a civil rights violations are not

9    sufficient to support a claim under § 1983.  *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

10    Plaintiff has alleged no claims under 42 U.S.C. §§ 1983, 1985, or 1986 that would constitute state

11    action on the part of CNA, nor has plaintiff alleged any facts that would establish personal participation on

12    behalf of CNA for purposes of a claim under these civil rights provisions.  In his response to the motion, it

13    appears that plaintiff has stated that his claims against CNA are not based on violation of the civil rights

14    law but are limited to execution on the bond.  Accordingly, it appears that plaintiff has waived any claims

15    he may have asserted under 42 U.S.C. §§ 1983, 1985, or 1986.  The court should grant CNA's motion to

16    dismiss these claims.

17    **3. Claim under 42 U.S.C. § 1981**

18    CNA contends that plaintiff's claims under 42 U.S.C. § 1981 should be dismissed because plaintiff

19    has failed to allege he is a member of a protected class or that CNA acted with discriminatory intent.

20    42 U.S.C. § 1981(a) confers upon all persons the right "to make and enforce contracts, to sue, be

21    parties, give evidence, and to the full and equal benefits of all laws and proceedings[.]" Section 1981(a)

22    further provides that all persons shall be subject to like punishment, pains, penalties, taxes, licenses, and

23    exactions of every kind, and to no other." In a § 1981 action, plaintiffs must show intentional

24    discrimination on account of race. *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir.1989).  In order to

25    establish a prima facie case under § 1981, plaintiffs must prove: (1) that they are members of a racial

26    minority; (2) that the defendants had an intent to discriminate on the basis of race; and (3) that the

27    discrimination concerned one or more activities enumerated in the statute.  *Morris v. Office Max, Inc.*, 89

28    F.3d 411, 413-14 (7th Cir. 1996); *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994).  The

element of intentional discrimination in a § 1981 claim is identical to the element of intentional discrimination in a § 1983 claim.  *Hispanic Taco Vendors of Washington v. City of Pasco*, 790 F.Supp. 1023, 1031 (E.D. Wash. 1991), *affirmed, Hispanic Taco Vendors of Washington v. City of Pasco*, 994 F.2d 676, 679 n. 3. (9th Cir. 1993).

Plaintiff has alleged no facts relevant to his race or to any discriminatory conduct on the part of CNA.  To the extent that plaintiff has attempted to base a claim against CNA on 42 U.S.C. § 1981, the claim should be dismissed.

### 4. Claim under 42 U.S.C. § 1986

CNA contends that plaintiff's claim under 42 U.S.C. § 1986 should be dismissed for failure to bring the claim within the time limited by statute.  This argument provides an alternative basis for dismissing plaintiff's Section 1986 claim.  *See* Section 2 above.

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986.

On June 30, 2003, plaintiff requested that the Clerk issue subpoenas to him; the Clerk declined to issue the subpoenas until the request had been reviewed by a judge; this conduct is beyond the limitations period authorized under 42 U.S.C. § 1986, as are many of plaintiff's requests under the state public disclosure law.  It appears from his response to CNA's motion to dismiss that plaintiff appears to have waived any claim against CNA under 42 U.S.C. § 1986.  *See* Dkt. 31. The claims under 42 U.S.C. § 1986 should be dismissed.

**5. Requirements of Fed.R.Civ.P. 8(a)**

CNA requests that the complaint be dismissed because plaintiff failed to comply with Fed.R.Civ.P. 8(a)'s pleading requirements. Pursuant to Fed.R.Civ.P. 8, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.

CNA is correct that the Amended Complaint, along with the numerous attached exhibits, does not constitute a short and plain statement of the claims showing that plaintiff is entitled to relief.  Nonetheless, the claims against CNA are being dismissed on the grounds previously discussed in this order, and the court declines to dismiss the complaint against the other parties on this basis.

**6. Plaintiff's Response to Strike CNA Western Surety Co.'s Motion to Dismiss**

The court has considered Dkt. 33 as a response to CNA's Motion to Dismiss.  To the extent that plaintiff requests the court strike CNA's Motion to Dismiss, that motion is without merit and should be denied.

Therefore, it is hereby **ORDERED** that plaintiff's Newly Discovered Evidence in Plaintiff's Response to Strike CNA Western Surety Co.'s Motion to Dismiss (Dkt. 33) is **DENIED**.  Defendant CNA Western Surety Co.'s Motion to Dismiss (Dkt. 12) is **GRANTED**.  The claims based upon Chapter 42.08 RCW against defendant CNA are **DISMISSED WITHOUT PREJUDICE.**  All other claims against CNA are **DISMISSED WITH PREJUDICE.**   If and when plaintiff's claims survive a dispositive motion brought by the remaining defendants in this case, or, if no dispositive motion is filed by the remaining defendants within the time set forth in the court's scheduling order, plaintiff may by motion request leave of court to name CNA as a defendant for purposes of relief under Chapter 42.08 RCW.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 24th day of October, 2006.

Robert J. Bryan
United States District Judge