1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

BRIAN CORTLAND,

12                    Plaintiff,

13        v.

14   COWLITZ COUNTY CLERK'S OFFICE, et
     al.,
15
16                    Defendants.

17

Case No.  C06-5341RJB

ORDER GRANTING CLERK
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

18        This matter comes before the court on the Clerk Defendants' Motion for Summary Judgment.

19   Dkt. 41.  The court has considered the pleadings filed in support of and in opposition to the motion

20   and the file herein.

21                    PROCEDURAL AND FACTUAL BACKGROUND

22        On June 20, 2006, plaintiff Brian Cortland filed a civil complaint, naming the Cowlitz County

23   Clerk's Office, Cowlitz County Clerk Teri A. Nielsen and her successor Roni Booth, CNA Western

24   Surety Company, and John Does 1-10 as defendants.  Dkt. 1.  On August 23, 2006, plaintiff filed an

25   Amended Complaint, and numerous documents/exhibits to the Amended Complaint. Dkt. 7.

26        Plaintiff's complaint challenges certain actions of the Cowlitz County Clerk's office regarding

27   issuing of subpoenas to *pro se* litigants, and actions by the defendants in response to plaintiff's public

28   records requests.  Dkt. 7.

ORDER
Page - 1

On April 11, 2003, plaintiff filed a complaint in the Superior Court of Washington for Cowlitz County, captioned *Brian Cortland v. Cowlitz County Superior Court, Depts. 1-4*, Case No. 03-2-00676-0 (hereafter state court action). In the state court action, plaintiff sought a determination that the judges of the Cowlitz County Superior Court were subject to the provisions of Washington's Public Records Act, Chapter 42.56 RCW, and an award of penalties provided under that state law based on violation of the act.

On June 30, 2003, plaintiff went to the Cowlitz County Clerk's office and requested to file five subpoenas. Dkt. 7, Exh. 2. The subpoenas were ostensibly for purposes of discovery plaintiff sought to conduct in his state court action. He was assisted by a deputy clerk, who, unsure of the procedure, asked Cowlitz County Clerk Teri Nielsen for assistance. Plaintiff presented to Ms. Nielsen the subpoenas he wanted to have signed and issued.

Ms. Nielsen consulted with the Cowlitz County Superior Court judges regarding plaintiff's request. She was informed by the judges that a visiting judge would have to review the subpoenas. Ms. Nielsen declined to issue the subpoenas; plaintiff states that Ms. Nielsen told him that subpoenas by *pro se* litigants were required to have a judge's signature before they were issued.

Under the state civil rules of procedure, a subpoena may be issued by the Clerk or Judge if requested by a party appearing *pro se*. *See* Washington Civil Rule of Procedure 45. The Superior Court for Cowlitz County adopted a local court rule that requires subpoenas issued by *pro se* litigants to be approved by a Superior Court judge. *See* Cowlitz County Superior Court Local Rule 45.

On July 2, 2004, the Superior Court granted defendants' motion for summary judgment in the state court action and dismissed the case. Dkt. 40, at 5. Plaintiff appealed that decision to the Washington Court of Appeals. Dkt. 40, at 8. On March 24, 2004, the Court of Appeals dismissed the appeal after plaintiff moved to withdraw review. Dkt. 40, at 18. Mandate was issued on May 10, 2004. Dkt. 40, at 20.

From June of 2003 until August of 2005, plaintiff made several requests under the Public Records Act for various public records. See Dkt. 7, Exh. 3-18. Ms. Nielsen and, later, Ms. Booth, responded to each of these requests. *Id.*

On June 20, 2006, plaintiff filed this federal court action, contending that the Clerk's office did

not follow the County Clerk's Manual regarding issuing of subpoenas, but instead relied on an oral policy made by the judges. Dkt. 7. Plaintiff claims that the Clerk's office action in using an unwritten procedure to deny him the subpoenas he had requested violated Washington's Public Disclosure Act, RCW 42.17.250(1); that the Clerk's office violated RCW 42.17.260 by failing to create an index of procedures to follow for litigants to obtain subpoenas; and that the Clerk's office conspired with Cowlitz County Superior Court judges against plaintiff to enforce an unwritten court rule requiring a *pro se* litigant to have his request for subpoenas reviewed by a judge before the Clerk would issue them. Dkt. 7. Plaintiff requests damages for violation of 42 U.S.C.§ 1986; 42 U.S.C. § 1985; 42 U.S.C. § 1983; Article 1, section 1 of the Washington Constitution; the Due Process Clause of the 5th Amendment; and the 14th Amendment of the U.S. Constitution. Dkt. 7. Plaintiff also requests money for "[o]n going negligence," until defendants fully comply with state statutory requirements. *See* Dkt. 7, at 44. Finally, plaintiff requests that he be permitted to collect the amounts prayed for pursuant to 42 U.S.C. § 1981. The complaint alleges that defendant CNA Western Surety Company Policy # 58425655 provides for a $150,000 bond for the Cowlitz County Clerk. *See* Dkt. 7, at 119. The complaint is 180 pages, in addition to the exhibits. Dkt. 7.

On October 24, 2006, the court granted defendant CNA Western Surety Company's motion to dismiss, and dismissed the claims against CNA. Dkt. 34. In that order, the court informed plaintiff that, if and when plaintiff's claims survive a dispositive motion brought by the remaining defendants in this case, or, if no dispositive motion is filed by the remaining defendants within the time set forth in the court's scheduling order, plaintiff may by motion request leave of court to name CNA as a defendant to execute on the bond under RCW 42.08.080.

The remaining defendants in this case are Cowlitz County Clerk's Office, Roni Booth, and Teri A. Nielsen (the Clerk defendants). Although the complaint names John Does as defendants in the case, these Doe defendants were not added as named defendants by the date provided in the court's scheduling order. *See* Dkt. 35. Accordingly, the Clerk defendants are the only defendants remaining in this case.

1     MOTION FOR SUMMARY JUDGMENT

2         On February 12, 2007, the Clerk defendants filed this motion for summary judgment,

3     contending that (1) plaintiff has not suffered or alleged actual injury; (2) the Clerk defendants are

4     entitled to absolute immunity; (3) the Clerk defendants are entitled to qualified immunity; (4) the Clerk

5     defendants were not properly served; (5) plaintiff's claims are barred by res judicata/collateral

6     estoppel; (6) plaintiff's claim under 42 U.S.C. § 1981 should be dismissed because he has failed to

7     allege he is a member of a protected class or that the Clerk defendants acted with discriminatory

8     intent; and (7) plaintiff's claim under 42 U.S.C. § 1986 is barred by the statute of limitations.

9     Dkt. 41.

10        On March 8, 2007, plaintiff filed a response to the motion for summary judgment, arguing that

11    (1) Ms. Nielsen sought legal advice from the Superior Court judges on June 30, 2003 when those

12    judges were party to the legal action, in violation of Article 4 Section 19 of the Washington

13    Constitution: (2) Ms. Nielsen had an ex parte administrative hearing with the Cowlitz County Superior

14    Court judges when the judges were parties to the legal action, in violation of RCW 4.12.040 and

15    Article 1 Section 10 of the Washington Constitution were violated; (3) the Cowlitz County Superior

16    Court judges made an oral ruling in closed chambers in a case in which they were parties to the action,

17    in violation of RCW 4.12.040 and Article 1 Section 10 of the Washington Constitution; and (4)

18    defendants are not entitled to qualified immunity. Dkt. 42, at 4-5. Plaintiff further contends that,

19    following the voluntary dismissal of his appeal in his case against the Cowlitz County Superior Court

20    judges regarding public disclosure issues, the case was remanded to the Superior Court for Cowlitz

21    County; he received and adverse ruling from the Superior Court on January 26, 2007; and he is in the

22    process of filing an appeal of that decision. Id. at 5. Plaintiff has also requested sanctions under

23    Fed.R.Civ.P. 11 on the basis that "defendant's [sic] through their legal counsel knowingly and

24    intentionally deceiving the court, leaving out pertinent facts in the case, misrepresenting facts, based

25    upon the facts brought to the attention of the court by the Plaintiff...." Id. at 6.

26        SUMMARY JUDGMENT STANDARD

27        Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and

28    admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

ORDER
Page - 4

material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

<u>DISCUSSION</u>

**1. 42 U.S.C. § 1983 Claims**

Plaintiff claims that the Clerk defendants violated his rights under the Due Process clauses of the Fifth and Fourteenth Amendments of the Constitution. Plaintiff's Section 1983 claims are apparently based upon the incident on June 30, 2003 when Ms. Nielsen declined to issue the

subpoenas he requested.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied,* 478 U.S. 1020 (1986).

    *A.   Deprivation of Constitutional Right.*   The Clerk defendants contend that plaintiff has not shown that he was deprived of a federal right or that he suffered injury as a result of the alleged violation.

Plaintiff has not met his burden to show that he was deprived of a constitutional right, privilege or immunity.

The Due Process clause of the Fourteenth Amendment provides that no person shall be deprived of life, liberty or property without due process of law. In analyzing a procedural due process claim, a court must first determine whether the claimant has been deprived of a liberty or property interest protected by the Constitution; if so, the court must determine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454 (1989). It is unclear what liberty or property interest plaintiff claims was violated by Ms. Nielsen's declining to issue plaintiff subpoenas but informing him that approval would have to be obtained by a judge. To the extent that plaintiff bases his Due Process claim on denial of access to the courts, he has not shown that he was deprived access to the courts. He could have filed a motion requesting issuance of subpoenas pursuant to the local court rule. He raised in his state court action the issue of subpoenas that he wanted issued for purposes of discovery, and his issues with obtaining these subpoenas, during the hearing before the Cowlitz County Superior Court on defendants' motion for summary judgment. *See* Dkt. 40, at 14-16. In fact, during that hearing, the judge informed plaintiff that he had not followed the proper procedure. Dkt. 40, at 15. Plaintiff could have pursued the *pro se* subpoena issue in his appeal, but instead, he dismissed the appeal. Those

issues may still be before the state court, since plaintiff represents that he is in the process of appealing the superior court decision after remand.  The record shows that plaintiff had the opportunity to, and did in fact, raise his subpoena issues to the state court, and that he had an opportunity to appeal the decision of the Superior Court.  Plaintiff has not set forth any other facts that would support a Due Process claim under the Fourteenth Amendment.  Further, he has not stated a claim that his substantive Due Process rights were violated by Ms. Nielsen's action regarding the subpoenas. Finally, regarding plaintiff's claim that the Superior Court judges, who were parties to the state case, made an unlawful decision regarding whether to issue plaintiff the subpoenas, that claim is without merit.  The judges advised Ms. Nielsen that the issue regarding the subpoenas would be decided by a visiting judge; the judges did not issue a decision on the merits of plaintiff's request, and did not violate plaintiff's constitutional rights. Plaintiff's Section 1983 claim against Ms. Nielsen regarding issuing the subpoenas should be dismissed.

Regarding the public disclosure requests, plaintiff has not met his burden to state a Section 1983 claim against Ms. Nielsen or Ms. Booth.  Ms. Nielsen and Ms. Booth were involved in public disclosure requests plaintiff made to the Clerk's office.  The record shows that Ms. Nielsen and Ms. Booth responded to each Public Disclosure request plaintiff made.  If plaintiff was dissatisfied with the responses of these defendants, he had state law remedies available to pursue regarding violation of the Public Disclosure Act.  *See* RCW 42.56.550.

It is unclear what theory plaintiff is pursuing against the Clerk's Office under Section 1983. A local government agency, municipality, or agency thereof, can be held liable under Section 1983. However, to do so plaintiff must show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474  (9th Cir.1992).  In this case, plaintiff has not shown that he was deprived of a constitutional right by a Clerk's Office policy that was deliberately indifferent to his constitutional rights.

The Clerk defendants' motion for summary judgment should be granted as to plaintiff's claims under Section 1983.  Plaintiff's claims under 42 U.S.C. § 1983 against the Clerk defendants (Cowlitz

1    County Clerk's Office, Roni Booth, and Teri A. Nielsen) should be dismissed.

2        *B. Absolute Immunity.* The Clerk defendants contend that the Ms. Nielsen, the Clerk who

3    declined to issue the subpoena on June 30, 2003, is absolutely immune from suit for failure to issue the

4    subpoenas.  The court will address this issue as an alternate basis for dismissing the civil rights claims

5    against Ms. Nielsen.

6        Judges are absolutely immune from damages for judicial acts taken within the jurisdiction of

7    their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Court clerks have absolute quasi-

8    judicial immunity from damages for civil rights violations when they perform tasks that are an integral

9    part of the judicial process. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir.

10   1987).  In this case, Ms. Nielsen, as the Clerk, in deciding whether to issue subpoenas to plaintiff, was

11   performing a task that is an integral part of the judicial process.  She is entitled to absolute immunity

12   for the claim that she unlawfully failed to issue subpoenas to plaintiff as a *pro se* litigant.    *C.*

13   *Qualified Immunity.*  The Clerk defendants maintain that they are entitled to qualified immunity in this

14   action for failure to issue the subpoenas.  Qualified immunity would apply to Ms. Nielsen and Ms.

15   Booth.  The court will address this issue as an alternative basis for dismissing the civil rights claims

16   against these defendants.

17       Defendants in a Section 1983 action are entitled to qualified immunity from damages for civil

18   liability if their conduct does not violate clearly established statutory or constitutional rights of which a

19   reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The

20   existence of qualified immunity generally turns on the objective reasonableness of the actions, without

21   regard to the knowledge or subjective intent of the particular official. *Id.* at 819. Whether a reasonable

22   officer could have believed his or her conduct was proper is a question of law for the court and should

23   be determined at the earliest possible point in the litigation. *Act Up!/Portland v. Bagley*, 988 F.2d 868,

24   872-73 (9th Cir. 1993).

25       In analyzing a qualified immunity defense, the Court must determine: (1) whether a

26   constitutional right would have been violated on the facts alleged, taken in the light most favorable to

27   the party asserting the injury; and (2) whether the right was clearly established when viewed in the

28   specific context of the case. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001).  "The relevant dispositive

1    inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable

2    officer that his conduct was unlawful in the situation he confronted." *Id*.  The privilege of qualified

3    immunity is an immunity from suit rather than a mere defense to liability, and like absolute immunity, it

4    is effectively lost if a case is erroneously permitted to go to trial.  *Id*.

5         In this case, as discussed above, the facts, taken in the light most favorable to plaintiff, show

6    that plaintiff's constitutional rights were not violated.  Further, Ms. Nielsen acted pursuant to a local

7    court rule and the direction of a Superior Court judge regarding the procedure for issuing *pro se*

8    subpoenas when she declined to issue the subpoenas on June 30, 2003.  Even if plaintiff had

9    established that a constitutional right had been violated, it would not have been clear to a person in

10   Ms. Nielsen's capacity that her conduct was unlawful.  Ms. Nielsen is entitled to qualified immunity for

11   plaintiff's claims that his constitutional rights were violated when she failed to issue the subpoenas.

12   Plaintiff's claims that Ms. Nielsen violated his constitutional rights when she failed to issue him

13   subpoenas on June 30, 2003 should be dismissed.  Further, plaintiff has not shown that either Ms.

14   Nielsen or Ms. Booth violated plaintiff's constitutional rights in regard to the public disclosure

15   requests.

16        Ms. Nielsen and Ms. Booth are entitled to qualified immunity for civil rights claims plaintiff has

17   alleged; these claims should be dismissed.

18   **2.  Service**

19        The Clerk defendants maintain that the claims against Roni Booth and Cowlitz County Clerk's

20   Office should be dismissed under Fed.R.Civ.P. 12(b)(5) because plaintiff failed to complete service of

21   process within 120 days, as required by Fed.R.Civ.P. 4(j).

22        The Clerk defendants have shown that plaintiff did not properly serve Ms. Booth or Cowlitz

23   County in compliance with these rules.  *See* Dkt. 38 and 39.  Under Fed.R.Civ.P. 4(m),

24        If service of the summons and complaint is not made upon a defendant within 120 days after
          the filing of the complaint, the court, upon motion or on its own initiative after notice to the
25        plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be
          effected within a specified time; provided that if the plaintiff shows good cause for the failure,
26        the court shall extend the time for service for an appropriate period....

27        The service on Ms. Booth and upon Cowlitz County Clerk's Office was deficient.  However, it

28   is unnecessary to dismiss this case on the basis of improper service or to direct plaintiff to properly

effect service because defendants are entitled to prevail on summary judgment on the merits of the claims.

### 3.  Claim under 42 U.S.C. § 1981

Plaintiff has alleged that defendants violated his rights under 42 U.S.C. § 1981.  The Clerk defendants maintain that this claim should be dismissed because plaintiff has failed to allege that he is a member of a protected class or that the Clerk defendants acted with discriminatory intent.

42 U.S.C. § 1981(a) confers upon all persons the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings[.]" Section 1981(a) further provides that all persons shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."  In a Section 1981 action, plaintiffs must show intentional discrimination on account of race. *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir.1989).  In order to establish a prima facie case under § 1981, plaintiffs must prove: (1) that they are members of a racial minority; (2) that the defendants had an intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more activities enumerated in the statute.  *Morris v. Office Max, Inc.*, 89 F.3d 411, 413-14 (7th Cir. 1996); *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994).  The element of intentional discrimination in a § 1981 claim is identical to the element of intentional discrimination in a § 1983 claim.  *Hispanic Taco Vendors of Washington v. City of Pasco*, 790 F.Supp. 1023, 1031 (E.D. Wash. 1991), *affirmed, Hispanic Taco Vendors of Washington v. City of Pasco*, 994 F.2d 676, 679 n. 3. (9th Cir. 1993).

Plaintiff has alleged no facts relevant to his race or to any discriminatory conduct on the part of the Clerk defendants.  To the extent that plaintiff has attempted to base a claim against the Clerk defendants based upon 42 U.S.C. § 1981, the claim should be dismissed.

### 4. Claim under 42 U.S.C. § 1986

The Clerk defendants contend that plaintiff's claim under 42 U.S.C. § 1986 should be dismissed for failure to bring the claim within the time limited by statute.  42 U.S.C. § 1986 provides as follows:

Every person who, having knowledge that any of the wrongs conspired to be done, and

mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C. § 1986.

On June 30, 2003, plaintiff requested that the Ms. Nielsen issue subpoenas to him; Ms. Nielsen declined to issue the subpoenas until the request had been reviewed by a judge. This incident and the conduct that plaintiff challenges is beyond the limitations period authorized under 42 U.S.C. § 1986. The claims under 42 U.S.C. § 1986 should be dismissed.

### 5.  42 U.S.C. § 1985

To state a claim under 42 U.S.C. § 1985, a plaintiff must demonstrate race- or class-based animus.  *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993); *Bretz v. Kelman*, 773 F.2d 1026, 1029-1030 (9th Cir. 1985).  Plaintiff has set forth no factual basis for race- or class-based animus.   Plaintiff's claims under 42 U.S.C. § 1985 should be dismissed.

### 9.  Article 1, Section 1 of the Washington Constitution

Article 1, Section 1 of the Washington Constitution provides as follows:

### § 1.    Political Power

All political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights.

Although this claim was not addressed in the Clerk defendants' motion for summary judgment, it should be dismissed because plaintiff has not stated a claim or any facts which would support a claim

under this section of the Washington Constitution. In his response to the motion for summary

judgment, plaintiff claims that defendants violated other sections of the Washington Constitution.

Those claims were not raised in the complaint, and in any case, are without merit.

A federal court may dismiss *sua sponte* pursuant to Fed.R.Civ.P. 12(b)(6) when it is clear that

the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv.,*

*Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under

Fed.R.Civ.P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot

possibly win relief.").   Plaintiff's claims under the Washington Constitution should be dismissed.

### 6.  State Law Claims under Public Disclosure Act

Plaintiff claims that the Clerk defendants refused to certify under public seal his public

disclosure requests; that the Clerk defendants have not created an Index as required under RCW

42.56.070(3); that the Clerk defendants have been operating under a secret policy; and that the Clerk

defendants "have failed to comply with the Washington State Public Disclosure Act for over 33 years."

See Dkt. 24, at 2-3.  These claims are apparently made against the Clerk's office, Ms. Nielsen, and Ms.

Booth.

In their motion for summary judgment, the Clerk defendants maintain that (1) Public

Disclosure Act claims connected with the subpoenas plaintiff sought in the state court proceeding are

barred by *res judicata* and/or collateral estoppel; and (2) other Public Disclosure Act claims should be

dismissed because plaintiff has state law remedies available to him that have not been exhausted.

In order to bar a later suit under the doctrine of *res judicata*, an adjudication must (1) involve

the same  claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the

same parties or their privies. *Blonder-Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313,

323-24 (1971);  *Davis Wright & Jones v. National Union Fire Ins. Co.*, 709 F.Supp. 196

1

(W.D.Wa.1989), *aff'd,* 897 F.2d 1021 (9th Cir.1990).  Collateral estoppel is appropriate when the

2

following elements are met:  (1) there was a full and fair opportunity to litigate the issue in the

3

previous action;  (2) the issue was actually litigated in that action;  (3) the issue was lost as a result of

4

a final judgment in that action; and  (4) the person against whom collateral estoppel is asserted in the

5

present action was a party or in privity with a party in the previous action. *Pena v. Gardner*, 976 F.2d

6

469, 472 (9th Cir.1992); *see generally  Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, (1979);

7

Charles Alan Wright, Law of Federal Courts 724-26 (5th ed.1994).

8

It is unclear whether and to what extent plaintiff raised in his state court action the Public

9

10

Disclosure Act issues he now attempts to raise in this federal court action. Those claims may well be

11

barred by either *res judicata* or collateral estoppel.  *See Owens v. Kaiser Foundation Health Plan,*

12

*Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)(doctrine of *res judicata*, or claim preclusion, bars any future

13

14

claims that were raised, or could have been raised, in a prior action).  However, the record is not

15

sufficiently clear for this court to make such a determination.

16

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other

17

18

claims that are so related to claims in the action within the original jurisdiction so that they form part

19

of the same case or controversy.  The Court may decline to exercise this supplemental jurisdiction if

20

(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over

21

the claim or claims over which the district court has original jurisdiction, (3) the district court has

22

23

dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there

24

are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).  The court declines to

25

exercise supplemental jurisdiction over these claims because, by this order, all claims over which the

26

federal court has original jurisdiction are being dismissed, and because the Public Disclosure Act issues

27

28

relate to a specific state law which is more appropriately addressed by the state courts.  Further, the

state court could determine whether the Public Disclosure Act claims are barred by *res judicata* or collateral estoppel.  Finally, the court notes that plaintiff has a state law remedy available under RCW 42.56.550 for wrongful denial of documents related to a public disclosure request.

The court should decline to exercise supplemental jurisdiction over plaintiff's state law claims under the Public Disclosure Act, and those claims should be dismissed without prejudice.

In their reply, defendants note that they will request an award of attorney's fees by separate motion.  This issue of attorney's fees is therefore not before the court in this motion for summary judgment.

### 7.  Plaintiff's Request for Sanctions

In his response to defendants' motion for summary judgment, plaintiff requests that the court assess sanctions under Fed.R.Civ.P. 11, contending that opposing counsel knowingly and intentionally decided the court, left out pertinent facts, and misrepresented facts. Dkt. 42, at 6.  Plaintiff's assertions are belied by the record.  This is a frivolous motion and should be denied.

Therefore, it is hereby

**ORDERED** that the Clerk Defendants' Motion for Summary Judgment (Dkt. 41) is **GRANTED IN PART**, as follows: all claims under 42 U.S.C. § 1981, 1983, 1985, and 1986; and claims under the Washington Constitution against Cowlitz County Clerk's Office, Teri A. Nielsen, and Roni Booth are **DISMISSED WITH PREJUDICE**.  The court **DECLINES** to exercise supplemental jurisdiction over plaintiff's state law claims under the Washington Public Disclosure Act; those claims are **DISMISSED WITHOUT PREJUDICE**.  This case is **DISMISSED**.  Plaintiff's motion for CR 11 sanctions (Dkt. 42) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 16th day of March, 2007.

Robert J. Bryan
United States District Judge

ORDER
Page - 15